**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAVINDER SINGH SAGOO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 06-72784<br><br>Agency No. A 70-809-066<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before:    REINHARDT, BERZON, and CALLAHAN, Circuit Judges.

Ravinder Singh Sagoo petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of

Sagoo's application for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

United Nations Convention Against Torture (CAT). We grant the petition and remand to the BIA.

1. The BIA did not adopt the IJ's adverse credibility finding. Instead, the BIA adopted the IJ's opinion just "insofar as [the IJ] found that [Sagoo] had not satisfied the burden of proof for the requested relief." *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005). In doing so, it agreed with the IJ only that Sagoo was "unable to establish that the incidents he described constituted past persecution, demonstrated a well-founded fear of future persecution, or established that it was more likely than not that he would suffer persecution or torture." "When the BIA's decision is silent on the issue of credibility, despite an IJ's explicit adverse credibility finding, we may presume that the BIA found the petitioner to be credible." *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005). The BIA in this case was either silent about the IJ's adverse credibility determination, or, by referring to "the incidents [Sagoo] described" without questioning whether they had occurred, affirmatively indicated that it found Sagoo credible. Either way, we must presume the BIA found Sagoo credible.

2. The BIA's determination that Sagoo was "unable to establish that the incidents he described constituted past persecution" is not supported by substantial evidence. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010).

2

Following the assassination of Indian Primer Minister Indira Gandhi by Sikh bodyguards in 1984, anti-Sikh rioters beat and forcibly shaved Sagoo in violation of his Sikh religious beliefs, murdered his Sikh co-worker, and burned Sagoo's turban on top of his coworker's lifeless body. We have held that an untargeted incident of physical violence during a period of civil unrest does not necessarily compel a finding of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Here, however, the violence directed at Sagoo during the riot rose to the level of persecution because it was on account of Sagoo's religious beliefs, and was, on this record, committed by forces the Indian government was apparently "unwilling or unable to control." *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (citations omitted). Likewise, Sagoo's 1989 beating by Punjabi police officers on account of his imputed political opinion rose to the level of persecution. *See Afriyie*, 613 F.3d at 931; *Duarte de Guinac v. I.N.S.*, 179 F.3d 1156, 1161 (9th Cir. 1999) ("[W]e have consistently found persecution where, as here, the petitioner was physically harmed [on account of a statutory ground].") (internal citations omitted).

3.      Having demonstrated past persecution, Sagoo was entitled to a presumption of a well-founded fear of future persecution that the government could rebut by a preponderance of the evidence. *See* 8 C.F.R. § 208.13(b). The IJ

3

conducted this analysis, but the BIA did not, concluding only that Sagoo had not established past persecution or a well-founded fear of future persecution.[1] This was error. On remand, the BIA should consider whether the government can rebut Sagoo's presumed well-founded fear of future persecution by demonstrating a fundamental change in country conditions. *See generally Kamalyan v. Holder*, --- F.3d ----, 2010 WL 3325840, at *4 (9th Cir. Aug. 25, 2010).

**4.** Sagoo does not qualify for relief under CAT because he has not proved that he is more likely than not going to be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(i); *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Because the BIA erred in concluding that Sagoo had not suffered past persecution, we remand for the BIA to determine whether the government can rebut the presumption that Sagoo has a well-founded fear of future persecution.

---

[1] The BIA's partial adoption of the IJ's decision was limited to the IJ's finding that Sagoo "had not satisfied the burden of proof for the requested relief." Because the government—and not Sagoo—carried the burden of proof to rebut the presumption of a well-founded fear of future persecution, the BIA necessarily did not adopt the IJ's rebuttal analysis. *See Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir. 2006) ("[O]ur review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.") (internal citations and quotation marks omitted).

**GRANTED IN PART AND REMANDED.**